NO. 12-02-00135-CR


NO. 12-02-00146-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 

EUGENE LOMAS,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

 OPINION


 In one issue, Eugene Lomas ("Appellant") contends that the trial court erred in denying his
motion for DNA testing. We affirm.


Background

 In 1994, Appellant was convicted of the murder of Billy Jedrzynski ("Jedrzynski") and the
aggravated assault of Ricardo Dela Garza ("Dela Garza"). These offenses were consolidated for both
trial and appeal. The trial court assessed punishment at 45 years for the murder conviction and 5 years
for the aggravated assault conviction. We affirmed these convictions on direct appeal. Lomas v. State,
No. 12-94-00323-CR, 12-94-00324-CR (Tex. App.-Tyler October 30, 1995, no pet.) (not designated
for publication). 

 On March 13, 2002, Appellant filed a motion in the convicting court for forensic DNA testing
pursuant to Chapter 64 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann.
arts. 64.01-64.05 (Vernon Supp. 2003). On April 19, the trial court held a hearing on Appellant's
motion. At the hearing, Appellant testified that although he did murder Jedrzynski, he did not commit
the aggravated assault on Dela Garza. Therefore, Appellant argued that if a DNA test of the knife he
used to murder Jedrzynski was conducted, he would be exonerated of the aggravated assault because
the DNA test would not find any traces of Dela Garza's blood on the knife. 

 The State disagreed with Appellant's contention. It argued that at Appellant's trial, two
eyewitnesses testified that Appellant cut Dela Garza with the knife. Dela Garza testified that as he was
trying to take the knife away from Appellant, Appellant cut him on his neck with the knife. Lisa Ayalis
("Ayalis") also testified that she saw Appellant cut Dela Garza with a knife right behind the ear. The
State further contended that based on the evidence adduced at trial and the hearing on Appellant's
motion, Appellant had not met his burden of proving the elements necessary for the court to find that
DNA testing should be conducted on the knife.

 Appellant's counsel has filed what purports to be an Anders brief stating that the appeal is
frivolous and without merit. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493
(1967). Counsel's brief contains a professional evaluation of the record demonstrating why, under the
controlling authorities, there is no error in the court's judgment. See High v. State, 573 S.W.2d 807,
812 (Tex. Crim. App. [Panel Op.] 1978). Counsel served a copy of his brief on Appellant, and though
Appellant was advised of his right to file a pro se brief by counsel, he has not done so. However, we
are hesitant to presume that an Anders analysis is appropriate for reviewing a trial court's findings on
a motion for DNA testing, so we will review the case on its merits before considering counsel's motion
to withdraw.


Analysis

 The convicting court may order forensic DNA testing only if 1) the court finds that the evidence
still exists in a condition making DNA testing possible and has been subjected to a sufficient chain of
custody to establish its integrity, 2) identity was or is an issue in the case, and 3) the convicted person
establishes by a preponderance of the evidence that a reasonable probability exists that the person would
not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing
and the request for the proposed DNA testing is not made to unreasonably delay the execution of
sentence or administration of justice. Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2003). 
In the instant case, the trial court found that, although evidence still exists which could possibly be
tested for DNA, there was not a reasonable probability that the defendant would not have been
prosecuted or convicted if exculpatory results had been obtained through DNA testing. Accordingly,
the trial court found that Appellant failed to meet his burden of proving the elements necessary to obtain
the testing under article 64.03. 

 In reviewing the trial court's decision, we employ the Guzman (1) bifurcated standard of review
by affording almost total deference to a trial court's determination of issues of historical fact and
application-of-law-to-fact issues that turn on credibility and demeanor, while reviewing de novo other
application-of-law-to-fact issues. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). The trial
court's determination that a reasonable probability did not exist that exculpatory DNA tests would prove
innocence is an application-of-law-to-fact issue that does not turn on credibility and demeanor;
therefore, this issue is reviewed de novo. Id.

 At the hearing on Appellant's motion, Appellant argued that testing the knife he used to kill
Jedrzynski for the presence of Dela Garza's DNA would exonerate him of the aggravated assault
conviction because the absence of Dela Garza's DNA on the knife would prove that he did not cut Dela
Garza with the knife. 

 At the trial of Appellant's case, two eyewitnesses, Dela Garza and Ayalis, both testified that
Appellant was the person who assaulted Dela Garza with the knife. This testimony alone would have
been sufficient to both prosecute and convict Appellant for the aggravated assault charge. See Bowden
v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982) (holding that the testimony of a single
eyewitness can be factually sufficient to support a felony conviction). Even if the knife used to kill
Jedrzynski did not have any traces of Dela Garza's DNA on it, Appellant has not shown by a
preponderance of the evidence a reasonable probability the exculpatory DNA tests would change the
outcome of his trial, much less prove his innocence. Accordingly, he is not entitled to a DNA test under
Chapter 64. 

Conclusion

 The judgment of the trial court is affirmed. Because we decided the appeal on its merits rather
than considering counsel's Anders brief, we overrule counsel's motion to withdraw.


 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered June 30, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.


(DO NOT PUBLISH)
1. 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).